Bell, J.
The following portion of the trial judge’s charge, which the Court of Appeals found to be prejudicially erroneous, poses the problem now before this court:
“The defendant to this charge [rape] also urges the defense of intoxication, and I say to you that since he urges this defense, the burden is upon him to prove it by a preponderance of the evidence as I have defined that term to you. The de *502 fendant claims that he was so drunk at the time that according to his own testimony he could not have had an erection or have been physically able to have committed any rape upon the prosecuting witness here * * *.
“If the evidence is credible, evidence of the defendant is such as to create a reasonable doubt in your minds as to his ability to commit the offense of rape, keeping in mind that penetration is an essential element of the crime of rape, then, of course, you must find him not guilty of the second count of the indictment. On the other hand, if you fail to find that he has proven this defense by a preponderance of the evidence and that the other elements which I have indicated to you have been proved by the state beyond a reasonable doubt, it would be your duty to find the defendant guilty of the second charge or the second count in the indictment.”
The Court of Appeals concluded that “the existence of intoxication in this case is a denial of conduct rather than an affirmative defense” and based its holding of prejudicial error on the following statement from Jeffers v. State, 20 C. C., 294:
“Where an accused person denies that he committed the crime charged, and offers testimony tending to show that by reason of drunkenness he was incapable of committing such an offense, it is error to charge the jury that the burden is upon him to show want of capacity to commit the crime by reason of drunkenness, as such a charge would shift upon him the burden of proving that he did not commit the crime.”
It is so generally accepted as to be a truism that voluntary intoxication is neither an excuse for the commission of crime nor a defense to a prosecution for it. It is also well settled in this state that an exception to the general rule exists where one is accused of crime the definition of which involves some specific intent or the operation of some mental process such as deliberation or premeditation. In such a case, intoxication, although voluntary, may be considered in determining whether an act was done intentionally or with deliberation or premeditation. Nichols v. State, 8 Ohio St., 435; Davis v. State, 25 Ohio St., 369; Cline v. State, 43 Ohio St., 332, 1 N. E., 22; Long v. State, 109 Ohio St., 77, 141 N. E., 691; Rucker v. State, 119 Ohio St., 189, 162 N. E., 802.
*503 This court held in the fourth paragraph of the syllabus in Long v. State, supra, that, in a first degree murder case, where the defendant asserts voluntary intoxication as a defense to the prosecution, the burden is upon him to establish such defense by a preponderance of the evidence.
Marshall, C. J., in the opinion in the Long case, said:
“* * * It is equally well settled by the adjudications of this state and other states that, in order to render the accused guiltless, the intoxication must be so great and complete as to make him incapable of forming the intent, or of acting with deliberation and premeditation, thereby placing the subject of intoxication as a defensive element in prosecutions for crime, so far as the degree of mental capacity is concerned, upon the same basis as insanity.”
Should the same rule apply, so far as burden of proof is concerned, where the crime does not involve some specific intent or mental process?
The raising of the question of intoxication in the defense to a charge of crime involving intent or other mental process goes to the question of the mental capacity of the defendant to have committed the crime charged. The raising of the question of intoxication in the defense to a charge of crime involving a physical act, such as rape, goes to the question of the physical capacity of the defendant to have committed the crime charged. In each case, the question raised by the defense is purely one of capacity to commit the crime.
The defendant argues that a claim of “not guilty by reason of intoxication” was not made in this case but that evidence of intoxication was introduced merely to support the defense that the defendant did not commit the acts with which he was charged. This distinction was recognized by the Court of Appeals. The defendant concedes, however, in his brief that, “when a defendant raises the defense of intoxication, he has the burden of proving its existence. In such a case, the defense would be affirmative, and the burden is upon the defendant to establish this defense by a preponderance of the evidence.”
But when and how is a “defense” of intoxication “poised”? It is not ope of the pleas provided by statute in *504 Ohio. Section 2943.03, Revised Code. Yet with frequent recurrence it crops up as a defense in criminal prosecutions. Since there is no recognized plea of “not guilty by reason of intoxication” it can appear defensively only under a general plea of not guilty, or possibly in a case of claimed insanity induced by prolonged intoxication.
Intoxication (at least to the extent testified to herein by the defendant) and insanity are not unalike. They have been recognized as such in Ohio since 1831 when it was said in the tenth paragraph of the syllabus in State v. Turner, Wright, 21, that “drunkenness is a voluntary insanity, and will not excuse from crime.”
Similarly, in Jones v. State, 51 Ohio St., 331, 38 N. E., 79, Judge Bradbury said:
“* * * Incapacity resulting from intoxication is not unlike that arising from insanity, and where it * * * is presented to the jury by the defendant as an excuse or justification, no reason is apparent why it should be treated more leniently than insanity. ’ ’
Insanity, duress and self-defense are generally considered to be affirmative defenses and the burden of proving them by a preponderance of the evidence rests on him who asserts them. But not all evidence offered by an accused is to be regarded as an affirmative defense. It may be introduced, as is claimed here, not to excuse or justify an admitted act but only to rebut matters essential to be proved by the state. There may be occasions where it would be incumbent on the state to show intoxication as part of its proof, but the instant case is certainly not of that character. The state, having by its case in chief presented evidence of venue, age of defendant, and forcible rape, would have had no interest in showing intoxication, and any evidence on that subject introduced by the defendant must necessarily be a defense, whether we call it simply a defense or an affirmative defense. •
The statute in Ohio fixes no age under which a person is incapable of committing the crime of rape. The common law, however, presumes that an infant under the age of 14 is unable to commit the crime, and that presumption, modified to permit rebuttal, has been adopted by the courts of this state. Wil *505 liams v. State, 14 Ohio, 222; Hiltabiddle v. State, 35 Ohio St., 52, 35 Am. Rep., 592. At the age of 14, at least so far as the crime of rape is concerned, the presumption of incapacity disappears. It becomes incumbent on the prosecution then to prove only that the defendant was over the age of 14 and that he committed the act charged. And if the defendant would escape the consequences of a prima facie case made by the state through proof of the essential elements of the crime, he must assume the burden of so doing, unaided by any presumption operating in his favor. If he would escape the consequences of the state’s proof by showing a physical incapacity to commit the crime, an incapacity brought about by his voluntary intoxication, he has the burden of proving that incapacity.
We, therefore, find no error in the charge of the trial court which placed on the defendant the burden of proof of incapacity to commit rape because of intoxication.
The. trial court gave substantially the same instructions concerning intoxication and burden of proof in connection with the first count, i. e., breaking and entering with intent to commit a felony. This instruction was clearly within the rule announced in the fourth paragraph of the syllabus in Long v. State, supra.
The judgment of the Court of App.eals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taft, Matthias and Herbert, JJ concur.
O’Neill, J., not participating.